1
2
3
4                        UNITED STATES DISTRICT COURT
5                       NORTHERN DISTRICT OF CALIFORNIA
6
7    ANGEL V. NEVAREZ,                         Case No. 23-cv-04430-HSG
8                        Plaintiff,            **ORDER OF DISMISSAL WITH LEAVE**
9            v.                                **TO AMEND**
10   NAPA STATE HOSPITAL, et al.,
11                       Defendants.
12
13           Plaintiff has filed a *pro se* action pursuant to 42 U.S.C. § 1983.  His complaint (Dkt. No. 1)
14   is now before the Court for review under 28 U.S.C. § 1915A.  Plaintiff has been granted leave to
15   proceed *in forma pauperis* in a separate order.
16                                   **DISCUSSION**
17   **A.      Standard of Review**
18           A federal court must conduct a preliminary screening in any case in which a prisoner seeks
19   redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C.
20   § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims
21   that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek
22   monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),
23   (2).  *Pro se* pleadings must, however, be liberally construed.  *See United States v. Qazi*, 975 F.3d
24   989, 993 (9th Cir. 2020).
25           Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
26   claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Specific facts are not
27   necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the
28   grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

1  While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,

2  the-defendant-unlawfully-harmed-me accusation.  *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

3  A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a

4  cause of action, or naked assertions devoid of further factual enhancement does not suffice.  *Id.*

5  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:   (1) that a

6  right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

7  violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487

8  U.S. 42, 48 (1988).

9  **B.      Complaint**

10      Plaintiff names as defendants Napa State Hospital ("NSH") and NSH psych techs Emilion

11  and Angel.  The complaint makes the following legal claims.  First, Plaintiff alleges that he was

12  denied medical care when his medical boot was taken away upon his arrival at NSH and when he

13  was not provided medical care for his torn Achilles.  Plaintiff has not linked any specific

14  individual defendant to this claim.  Second, Plaintiff alleges that he was denied right to free

15  exercise of religion when, in response to another patient accusing him of being a hypocrite, he

16  tried to rebuke the patient by reading to him from the Bible about enemy being the accuser, and

17  defendant Emilio ordered him to stop talking about the Bible.  Third, Plaintiff alleges that he was

18  subjected to physical abuse when he stated that he intended to take the next sink available so that

19  he could shave, regardless of who was called next, and defendant Angel and other staff members

20  wrestled a razor away from him and injured him in the process.

21      The complaint suffers from the following deficiencies.

22      First, defendant Napa State Hospital is not a "person" within the meaning of Section 1983.

23  To state a claim under section 1983, the plaintiff must allege that a person was acting under the

24  color of state law and that the person committed a violation of a right secured by the Constitution

25  or laws of the United States.  Napa State Hospital is a state agency and therefore, not a "person"

26  for purposes of section 1983.  *See O'Haire v. Napa State Hosp*., No. C 07-0002 RMW (PR), 2009

27  WL 2447752, at *1 (N.D. Cal. Aug. 7, 2009) (dismissing section 1983 claims against Napa State

28  Hospital with prejudice because Napa State Hospital not a person within meaning of Section

United States District Court
Northern District of California

United States District Court
Northern District of California

1983) (citing to *Allison v. Calif. Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969); *Bennett v. Calif.*, 406 F.2d 36, 39 (9th Cir. 1969). Accordingly, Napa State Hospital is DISMISSED from this action with prejudice.

Second, in the first claim, Plaintiff has failed to link any named defendant or any individual to the alleged denial of medical care.

Third, the complaint violates the joinder rule set forth in Fed. R. Civ. P. 20(a)(2). Rule 20(a)(2) provides that all persons "may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The upshot of these rules is that "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff needs to choose the claims he wants to pursue in this action that meet the joinder requirements. In this action, he should only pursue the acts that arise out of the same transaction, occurrence, or series of transactions or occurrences, and share a common question of law or fact. To seek relief for claims arising out of other incidents or raising different questions of law, Plaintiff must bring separate actions. Here, Plaintiff appears to be seeking relief related to acts arising out of three different occurrences and regarding different Napa State Hospital officials: (1) denial of medical care by unknown individuals for his torn Achilles; (2) denial of free exercise of religion by psych tech Emilio; and (3) physical abuse by psych tech Angel. Plaintiff would need to bring one action regarding psych tech's Emilio's alleged denial of Plaintiff's right to free exercise of religion; a separate action against psych tech Angel for alleged unconstitutional use of force; and a third action regarding denial of medical care.

Fourth, it appears that Plaintiff has not exhausted his administrative remedies for his claims, as required by the Prison Litigation Reform Act ("PLRA"). The PLRA sets forth the following exhaustion requirement: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42

United States District Court
Northern District of California

1    U.S.C. § 1997e(a).  The PLRA's exhaustion requirement is mandatory, *Jones v. Bock*, 549 U.S.

2    199, 211 (2007), and requires "proper exhaustion" of available administrative remedies, *Woodford*

3    *v. Ngo*, 548 U.S. 81, 93 (2006).  On the form complaint, Plaintiff states that administrative

4    remedies are available but  when asked if he submitted a request for administrative relief to the

5    highest level, he checked "No."  He states that he does not understand the process but complained

6    to the shift lead "without avail;" that he not very familiar with due process and not legally savvy;

7    and that he will "proceed to find the due process" / "proceed to submit due process definitely."

8    Dkt. No. 1 at 3-5.  Plaintiff is cautioned that the PLRA's exhaustion requirement is mandatory and

9    an action may be dismissed for failure to exhaust administrative remedies.

10        The Court DISMISSES Napa State Hospital from this action with prejudice, and

11   DISMISSES the remainder of the complaint with leave to amend.  *See Lopez v. Smith*, 203 F.3d

12   1122, 1130 (9th Cir. 2000) (district court should grant leave to amend unless pleading could not

13   possibly be cured by allegation of other facts).

14        In preparing an amended complaint, the Court provides Plaintiff with the following

15   guidance.  In setting forth his legal claims, Plaintiff should list the alleged constitutional provision

16   or federal law violated, identify the individual who committed the alleged constitutional or federal

17   law violation, and specify what the individual did, or did not do, that was either unlawful or

18   unconstitutional.

19                                  **CONCLUSION**

20        For the foregoing reasons, the Court DISMISSES Napa State Hospital from this action

21   with prejudice, and DISMISSES the remainder of the complaint with leave to amend.  Within

22   twenty-eight (28) days of the date of this order, Plaintiff shall file an amended complaint that

23   addresses the identified deficiencies.  The amended complaint must include the caption and civil

24   case number used in this order, Case No. C 23-04430 HSG (PR) and the words "AMENDED

25   COMPLAINT" on the first page.  If using the court form complaint, Plaintiff must answer all the

26   questions on the form in order for the action to proceed.  An amended complaint completely

27   replaces the previous complaint.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012).

28   Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to present

and all of the defendants he wishes to sue, and may not incorporate material from the prior complaint by reference.  Failure to file an amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff.  The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated:  2/15/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

5