1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7        ANGEL V. NEVAREZ,                        Case No.  23-cv-04430-HSG

8                    Plaintiff,                   **ORDER DENYING REQUEST TO**
                                                  **WAIVE FILING FEES; REQUIRING**
9              v.                                 **RESPONSE FROM PLAINTIFF**

10       NAPA STATE HOSPITAL, et al.,

11                   Defendants.

12

13          Plaintiff has filed a *pro se* action pursuant to 42 U.S.C. § 1983.  On February 15, 2024, the

14   Court granted Plaintiff's request to proceed *in forma paupers* in this action and dismissed the

15   complaint with leave to file an amended complaint that addressed the identified deficiencies.  Dkt.

16   Nos. 11, 12.  The Court instructed Plaintiff to file the amended complaint by March 14, 2024, or

17   face dismissal of this action.  Dkt. No. 12.  Plaintiff has filed a pleading titled "Request for

18   Dismissal," wherein Plaintiff states that he could not afford the filing fee and requests that this

19   action be dismissed.  Dkt. No. 13.  The Court construes this pleading as a request for voluntary

20   dismissal pursuant to Fed. R. Civ. P. 41, and a request for a waiver of the filing fees.

21          The Court DENIES Plaintiff's request to waive the filing fees.  Plaintiff is advised that

22   voluntary dismissal does not entitle him to a refund of the filing and docketing fees.  *Porter v.*

23   *Dep't of Treasury*, 564 F.3d 176, 179 (3d Cir. 2009) (3d Cir. 2009) (litigant's voluntary dismissal

24   of appeal did not entitle him to refund of fees for docketing and filing appeal); *see also Green v.*

25   *Bank of Am.*, No. 2:12-CV-02093-GEB, 2012 WL 5032414, at *1 (E.D. Cal. Oct. 17, 2012)

26   (collecting cases holding that voluntary dismissal of action does not entitle litigant to refund of

27   filing fees; although cases cited concerned dismissals of appeals, reasoning in these cases apply

28   equally to district court filings).  Under the Prison Litigation Reform Act, once a prisoner is

United States District Court
Northern District of California

granted leave to proceed *in forma pauperis*, the prisoner is obligated to pay the filing fees in full. 28 U.S.C. § 1915(b)(1); *Porter*, 564 F.3d at 180.  "The filing fee is assessed for the privilege of initiating the matter, without regard to the subsequent disposition." *Bustillos v. Hernandez*, No. 123CV01365SABPC, 2023 WL 7626936, at *1 (E.D. Cal. Nov. 14, 2023).[1]  In filing this action, Plaintiff incurred an obligation to pay a filing fee, and this obligation cannot be discharged by voluntarily dismissing the action.  Plaintiff must pay the filing fee regardless of whether he proceeds with this action, whether he voluntarily dismisses this action, or whether this action is dismissed for failure to state a claim.

Accordingly, the Court ORDERS Plaintiff to, within twenty-eight (28) days of the date of this order, inform the Court whether he still seeks to dismiss this action.[2]  Failure to respond to this order within the time provided will result in the Court granting Plaintiff's request to voluntarily dismiss this action and dismissing this action without prejudice without further notice to Plaintiff.

**IT IS SO ORDERED.**

Dated:     6/17/2024

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] The *Green* court explained how the opening of an action itself expends court resources:
> Filing fees are directed towards covering the costs of *opening* a case—whether at the appellate or district court level. *See Porter*, 564 F.3d at 180 (emphasis added), *Thurman*, 97 F.3d at 187 (the dispositive event is "bringing" a civil action). As the name suggests, it is a cost levied in connection with the *filing* of a lawsuit. Plaintiff paid the fee and did just that. And though the case may have been resolved in any number of ways, none has any bearing on the refundability of the fee charged for bringing suit in the first instant. Moreover, the court's resources were clearly implicated by plaintiff's initiating this litigation, despite its abbreviated duration: the case was opened on the docket, screened for jurisdictional and other issues, and an order issued, *sua sponte*, notifying plaintiff that it lacked subject matter jurisdiction. Dkt.6. The costs to which a filing fee is directed were certainly expended in this case.

*Green*, 2012 WL 5032414, at *1.

[2] Plaintiff is reminded that if he decides to proceed with this action, he must file an amended complaint that states cognizable claims.

United States District Court
Northern District of California

2